FILED
4th JUDICIAL DISTRICT COURT
Guadalupe County
6/21/2021 3:36 PM
CLERK OF THE COURT

blc

STATE OF NEW MEXICO
COUNTY OF GUADALUPE
FOURTH JUDICIAL DISTRICT COURT

LENARD GORE and NORA GORE

    Plaintiffs,

v.                                        Cause No.   D-424-CV-2021-00033

                                                        Aragon, Abigail

TEJWANT SINGH GREWAL D/B/A
TS TRANSPORT and TEJWANT
SINGH GREWAL, Individually, and
UNITED SPECIALTY INSURANCE
COMPANY,

    Defendants.

## COMPLAINT FOR PERSONAL INJURY

COME NOW Plaintiffs Lenard Gore and Nora Gore, by and through their attorneys, Curtis & Co. Law Firm and Faddoul, Cluff, Hardy and Conaway, P.C, and hereby submit the following Complaint for Plaintiffs' claims against Defendants as follows:

1. On September 15, 2018, Defendant Tejwant Singh Grewal, working in the course and scope of his employment with TS Transport, recklessly and negligently failed to yield the lane as Plaintiff Lenard Gore and his wife, Plaintiff Nora Gore, properly merged onto I-40 westbound.  Defendant Grewal slammed his tractor into the left rear corner of the Gores' trailer, skimmed along the left side of the Gores' trailer, and then swerved to the right in front of the Gores' tractor trailer, slamming into the Gores' tractor, pulling to the right while Lenard desperately pulled right as hard as possible to avoid a head on collision.  Defendant Grewal

1

**EXHIBIT A**

never hit his breaks, and his tractor trailer only stopped because it flipped on its side.

2. On the morning of September 15, 2018, Plaintiff Lenard Gore and Plaintiff Nora Gore, while working in the course and scope of their employment as a driving team with Covenant Transport, Inc., left the Travel Center of America ("TA") and drove up the onramp onto I-40 westbound. Lenard Gore was driving the vehicle and his wife and driving partner, Nora Gore, was in the passenger seat of the vehicle.

3. Leonard Gore took possession of the right lane as another tractor trailer passed him in the left lane as seen below.



4. Then, looking in his rearview mirror, Plaintiff Lenard Gore said to his wife, Nora, who was on the phone with their daughter, "he's going to hit us."

5. The Gores then felt the impact as Defendant Grewal hit the back left corner of Plaintiffs' vehicle, moving the Gores' vehicle to the right as seen below.



6. Plaintiff Lenard Gore hit his breaks and Defendant Grewal overtook the Gores' vehicle, swerved his truck over in front of Plaintiffs' vehicle and into Plaintiffs' lane. The photo below clearly shows the impact points on the right side of Defendant Grewal's tractor and trailer.



7. Plaintiff turned right and ran off the highway to avoid hitting Defendant Grewal's vehicle as seen below.



8. Defendant Grewal continued, without ever breaking, off the highway until his trailer flipped over on to its left side, causing his tractor trailer to stop as seen below.



9. At the scene of the collision Defendant Grewal jumped out of the cab wearing only his underwear, yelling for his phone and that he could not get to his brakes.

10. Plaintiff Lenard Gore sustained serious and lasting physical and psychological injuries. He will never be able to drive a truck again, after having operated an 18-wheeler for his entire adult life.

11. Plaintiff Nora Gore has suffered neck injury that produces hand and arm numbness at night, and she suffers from back pain as a result of the accident. In addition, she has suffered a loss of consortium as her husband suffers with serious and lasting injuries. Because her husband requires continuous care, she is unable herself to return to driving, and therefore the household has lost two incomes. The Gores have been together for 35 years and have three daughters and three grandchildren. They worked together as a driving team for the past seven (7) years. As a result of the injuries suffered by her husband their relationship has been changed irrevocably. Lenard cannot even sit through a dinner out without suffering extreme pain.

12. The events giving rise to this Complaint took place in Santa Rosa, New Mexico, Guadalupe County.

13. Jurisdiction and venue of the Court is proper in the Fourth Judicial District, County of Guadalupe, New Mexico, pursuant to NMSA 1978 §38-3-1(A).

14. Lenard and Nora Gore reside in Wilmer, Alabama.

15. Upon information and belief, at all relevant times, Defendant Tejwant Singh Grewal d/b/a TS Transport is located at 7307 N. Bain Ave, Fresno, CA 93722.

16. Upon information and belief, at all relevant times, Defendant Tejwant Singh Grewal also personally resides at 7307 N. Bain Ave, Fresno, CA 93722.

17. Upon information and belief, at all relevant times, Defendant Tejwant Singh Grewal drove, owned, and operated the tractor trailer that rammed into the Gores and ran them off the road on September 15, 2018.

18. Upon information and belief, Defendant United Specialty Insurance Company is a foreign corporation conducting business in the State of New Mexico. Defendant United Specialty Insurance company may be served with process by serving National Registered Agents, Inc., 1209 Orange Street, Wilmington, DE 19801. At all times material hereto, Defendant Tejwant Singh Grewal owed Plaintiffs, and other motorists, a duty to exercise reasonable care in the operation of the subject vehicle he was driving.

19. Defendant Tejwant Singh Grewal breached that duty when he failed to exercise reasonable care under the circumstances in the manner and/or method of his driving in the subject incident.

20. At all material times hereto, Defendant Tejwant Singh Grewal had a duty to drive his vehicle in a safe, careful, and prudent manner.

21. In violation of his duties, Defendant Tejwant Singh Grewal drove his vehicle in a careless, unsafe, and imprudent manner.

22. Defendant Tejwant Singh Grewal's breach of duties include:

    a. Failure to obey state and local traffic laws;

    b. Driving a vehicle in violation of existing statutes, ordinances, and the Federal Motor Carrier Safety Regulations ("FMCSR");

    c. Failure to maintain proper control of the vehicle;

    d. Failure to keep a proper lookout;

    e. Failure to properly change lanes;

    f. Failure to yield to a merging vehicle;

    g. Failure to operate the vehicle in a safe and prudent manner;

    h. Driver inattention/distraction.

23. Defendant Tejwant Singh Grewal's negligence was the or a proximate cause of the subject collision.

24. As a direct and proximate result of Defendant Tejwant Singh Grewal's actions and/or inactions, Plaintiffs sustained significant damages including, but not limited to, past and future expenses, past and future pain and suffering, mental and emotional distress, lost income, lost earning capacity, permanent injury, permanent disability, loss of consortium, interest and costs.

25. The subject collision was the kind of event that does not ordinarily occur in the absence of negligence on the part of Defendant Tejwant Singh Grewal, who was operating and controlling his vehicle at the time of the subject collision.

26. The doctrine of *res ipsa loquitur* applies because evidence establishes that, in the ordinary course of events, Plaintiffs' injuries would not have occurred except through the negligence of Defendant Tejwant Singh Grewal in the operation and control of the injuring instrumentality, the semi-truck, he was operating at the time of the subject collision.

27. By reason of the above and foregoing circumstances, among others the jury is permitted to infer Defendant Tejwant Singh Grewal's negligence.

28. Defendant Tejwant Singh Grewal's negligence was the sole proximate cause and/or a proximate cause of Plaintiffs' injuries and damages.

29. Defendant TS Transport is the alter ego of Defendant Tejwant Singh Grewal. Defendant TS Transport is vicariously liable for the damages proximately caused to Plaintiffs by virtue of the negligent conduct of its agent, Defendant Tejwant Singh Grewal. At all times material to the allegations contained in this Complaint, agent Defendant Tejwant Singh Grewal was acting within the course and scope of his agency and was negligent.

30. Furthermore, Defendant TS Transport is vicariously liable for punitive damages based on the conduct of its agent, Defendant Tejwant Singh Grewal, who was acting in the course and scope of his agency and had complete discretionary authority to speak and act for Defendant TS Transport with regard to the conduct at issue.

31. Defendants' acts and/or omissions described herein were malicious, willful, reckless, and/or wanton, displaying a conscious, deliberate and/or reckless disregard of, or utter indifference to, harmful consequences, including the health and safety of Plaintiffs, resulting in injuries and harm to Plaintiffs, justifying an award of punitive damages.

32. Defendants' acts and/or omissions described herein were malicious, willful, reckless and/or wanton as those terms are defined in New Mexico law, justifying an award of punitive damages.

33. Defendant Tejwant Singh Grewal d/b/a TS Transport entered into an operating agreement with Defendant Tejwant Singh Grewal, individually.

34. Defendant Tejwant Singh Grewal d/b/a TS Transport is contractually and legally obligated to comply with Federal Motor Carrier Safety Regulations.

35. The non-delegatory duties, obligations, and responsibilities of Defendant Tejwant Singh Grewal d/b/a TS Transport are designed to protect other members of the motoring public, including Plaintiffs.

36. Defendant Tejwant Singh Grewal d/b/a TS Transport breached its legal and contractual duties.

37. As a direct and proximate result of Defendant Tejwant Singh Grewal d/b/a TS Transport breach of this contract, Plaintiffs suffered injuries and damages.

38. Defendant Tejwant Singh Grewal d/b/a TS Transport is liable to Plaintiffs for all amounts paid under the contract and all consequential damages allowed under New Mexico law, including breach of the covenant of good faith and fair dealing.

39. Further, Defendant Tejwant Singh Grewal d/b/a TS Transport acts and/or omissions described herein were malicious, willful, reckless, and/or wanton, displaying a conscious, deliberate, and/or reckless disregard of, or utter indifference to, harmful consequences, including the health and safety of Plaintiffs, resulting in injuries and harm to Plaintiffs, justifying an award of punitive damages.

40. Defendants are negligent per se for violating Section 390.3 of the Federal Motor Carrier Safety Regulations ("FMCSR") in relation to their lack of knowledge of and compliance with the FMCSR. This section requires to know and comply with the FMCSR and to instruct their drivers regarding the FMCSR. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendants' conduct represents an unexcused violation of these standards. Plaintiffs belongs to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type of these

statutes/rules/regulations seek to prevent. Defendants' violations of these statutes were a proximate cause of Plaintiffs' injuries and/or damages.

41. Defendants are negligent per se for violating Section 390.11 of the FMCSR in relation to their failure to require the observance of and obedience to the FMCSR by their drivers. This section imposes certain duties, prohibits certain actions and/or creates a standard of conduct. Defendants' conduct represents an unexcused violation of these standards. Plaintiffs belong to the class of persons which these statutes/rules/regulations were meant to protect, and the harm or injury is generally of the type of these statutes/rules/regulations seek to prevent. Defendants' violations of these statutes were a proximate cause of Plaintiff's injuries and/or damages.

42. Defendant United Specialty Insurance Company is liable for judgment rendered against Defendants TS Transport and Tejwant Singh Grewal by virtue of the insurance contract in effect at the time of the incident made the basis of this suit.

43. Plaintiff Lenard Gore sustained serious and permanent bodily injuries from which he continues to suffer.

44. As a result of the incident in question, Plaintiff Lenard Gore has incurred, and will continue to incur, reasonable expenses for medical care, treatment, and services in the past, present, and future.

45. As a result of the incident in question, Plaintiff Lenard Gore sustained physical pain and suffering, which will continue into the future, and he has been precluded from his normal activities as an individual and has suffered loss of enjoyment of life.

46. As a result of the incident in question, Plaintiff Lenard Gore suffered disability and physical impairment in the past and, in reasonable probability, will sustain disability and physical impairment in the future.

47. As a result of the incident in question, Plaintiff Lenard Gore sustained mental anguish in the past and, in reasonable probability, will sustain mental anguish in the future.

48. As a result of the incident in question, Plaintiff Lenard Gore suffers from numerous scars and, in reasonable probability, such scars will remain on his body.

49. As a result of the incident in question, Plaintiff Lenard Gore suffered lost earnings and earning capacity in the past and, in reasonable probability, will suffer lost earnings in the future and lost earning capacity in the future.

50. Plaintiff Nora Gore suffered injury to her neck such that her hands and arms go to sleep at night. She has also suffered injury to her back. Because her husband requires continuous care, she is unable herself to return to driving an 18-wheel tractor/trailer commercial vehicle, and therefore the household has lost two incomes from driving.

51. The Gores have been together for 35 years and have three daughters and three grandchildren. They worked together as a driving team for the past seven (7) years. As a result of the injuries suffered by her husband their relationship has been changed irrevocably. Lenard cannot even sit through a dinner out without suffering extreme pain. Nora Gore has suffered a loss of consortium that warrants damages or other relief available under New Mexico law as determined appropriate by the Court.

52. Plaintiffs are entitled to recover from Defendants compensatory damages in such amounts allowed by law, and as determined by the fact finders in this case, as well as any and all such other damages or other relief available under New Mexico law as determined appropriate by the Court.

53. Furthermore, the negligent acts and/or omissions of Defendants Tejwant Singh Grewal d/b/a TS Transport and Defendant Tejwant Singh Grewal, Individually, described herein were malicious, willful, reckless, and/or wanton as those terms are defined under New Mexico law entitling Plaintiffs to an award of punitive damages against all Defendants in the amounts to be determined by the trier of fact.

WHEREFORE, Plaintiffs respectfully prays for a judgment against Defendants for damages sufficient to fully compensate Plaintiffs for all the injuries and damages described herein, punitive damages, for pre- and post-judgment interest as allowed by law, for costs and for such other and further relief as the Court deems just and proper in law and in equity.

Respectfully submitted,

*Attorneys for Plaintiffs*
CURTIS & CO.
215 CENTRAL AVENUE NORTHWEST
THIRD FLOOR
ALBUQUERQUE, NM 87102
T  505-243-2808     F  505-242-0812
lisa@curtislawfirm.org
laura@curtislawfirm.org
julia@curtislawfirm.org
andre@curtislawfirm.org

*Electronically signed*
*/s/ Lisa K. Curtis*
Lisa K. Curtis
Laura R. Callanan
Julia G. Coulloudon
Andre K. Archuleta

And

Richard Hardy, Esq.
Christopher Winters, Esq.
Fadduol, Cluff, Hardy & Conaway, P.C.
1115 Broadway Lubbock, Texas 79401
T: 806-769-377
F: 806-763-3696
rhardy@fchclaw.com
cwinters@fchclaw.com